

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| SUPER DUPER INC., dba Super Duper Publications, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. 6:07-375-HFF |
| PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY et al., | § § § | |
| Defendants. | § | |

## AMENDED ORDER

**I.     INTRODUCTION**

The Court has determined that the above-captioned action involves questions of law of the State of South Carolina which are most probably determinative of the case, and there appears to be no controlling precedent in the decisions of the Supreme Court of the State of South Carolina. Accordingly, pursuant to South Carolina Appellate Court Rule 228, the United States District Court for the District of South Carolina hereby certifies the questions of law listed below to the Supreme Court. These questions are based on the following factual findings.

**II.     FACTUAL FINDINGS**

This case involved an insurance coverage dispute between Plaintiff Super Duper Inc., dba Super Duper Publications (Super Duper), and its insurance companies, Defendants Travelers Indemnity Company of America and Travelers Property Casualty Company of America (Travelers, collectively) and Pennsylvania National Mutual Casualty Insurance Company (Penn National). On

June 15, 2005, Super Duper filed suit in the underlying action against Mattel, Inc. (Mattel), seeking declaratory judgment that Super Duper did not infringe or dilute any trademarks owned by Mattel, violate any of Mattel's rights, or cause any damage to Mattel. Mattel counterclaimed against Super Duper, asserting five separate causes of action: (1) trademark infringement under the Lanham Act and the common law; (2) false designation of origin under the Lanham Act; (3) federal trademark dilution under the Lanham Act and state statutes; (4) unfair competition under South Carolina statutes and the common law; and (5) cancellation of trademark registrations. Super Duper then notified Defendants Travelers and Penn National of the existence of the Mattel litigation. Both companies denied coverage.

In this action, Super Duper seeks declaratory relief and damages from Defendants in connection with Defendants' determination that they were not obligated to defend or indemnify Super Duper in connection with the trademark-related counterclaims asserted against Super Duper in the underlying action. Super Duper also asserts claims for breach of contract and bad faith.

The 1999 to 2001 Travelers General Liability policies provide, in relevant part, "We will pay those sums that the insured becomes legally obligated to pay as damages because of 'personal injury' or 'advertising injury' to which this insurance applies. We will have the right and duty to defend the insured against any 'suit' seeking those damages." "Advertising injury" is defined as an

> injury arising out of one or more of the following offenses:
>
> a) Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;
>
> * * *
>
> c) Misappropriation of advertising ideas or style of doing business; or

2

        d)        Infringement of copyright, title or slogan.

The 2005 to 2006 Travelers General Liability policy provides, in relevant part, "We will pay those sums that the insured becomes legally obligated to pay as damages because of 'personal injury' or 'advertising injury' to which this insurance applies. We will have the right and duty to defend the insured against any 'suit' seeking those damages." "Advertising injury" is defined as an

        injury, arising out of one or more of the following offenses:

                a)        Oral, written, or electronic publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services, provided that claim is made or "suit" is brought by a person or organization that claims to have been slandered or libeled, or whose goods, products or services have allegedly been disparaged;

                                    * * *

                c)        Infringement of copyright, title or slogan, provided that claim is made or "suit" is brought by a person or organization claiming ownership of such copyright, title or slogan.

The 2005 to 2006 Travelers Excess policy provides, in relevant part, "We will pay on behalf of the insured the 'ultimate net loss' in excess of the 'applicable underlying limit' which the insured becomes legally obligated to pay as damages because of 'bodily injury,' 'property damage,' 'personal injury' or 'advertising injury' to which this insurance applies." "Advertising injury" is defined as an

        injury arising out of one or more of the following offenses:

                                    * * *

                c)        Infringement of copyright, title or slogan, provided that claim is made or "suit" is brought by a person or organization claiming ownership of such copyright, title or slogan."

The 2001 to 2006 Penn National General Liability policy provides, in relevant part, "We will pay those sums that the insured becomes legally obligated to pay as damages because of 'personal injury' or 'advertising injury' to which this insurance applies. We will have the right and duty to defend the insured against any 'suit' seeking those damages." "Personal and advertising injury" are defined as

> injury, including consequential 'bodily injury,' arising out of one or more of the following offenses:
>
> * * *
>
> d) Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;
>
> * * *
>
> f) The use of another's advertising idea in your "advertisement;" or
>
> g) Infringing another's copyright, trade dress or slogan in your "advertisement."

The Penn National policy defined "advertisement" as:

> A notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purposes of attracting customers or supporters.

## III.    CERTIFIED QUESTIONS OF LAW

A.    Whether an underlying suit premised upon trademark infringement by the insured qualifies as injury arising out of the offense of "misappropriation of advertising ideas or style of doing business."

B.  Whether an underlying suit premised upon alleged trademark infringement by the insured qualifies as injury arising out of the offense of "infringement of copyright, title or slogan."

C.  Whether an underlying suit premised upon trademark infringement by the insured qualifies as injury arising out of the offense of "use of another's advertising idea in your 'advertisement.'"

D.  Whether an underlying suit premised upon trademark infringement by the insured qualifies as an injury arising out of the offense of "infringing another's copyright, trade dress or slogan in your 'advertisement.'"

Signed this 2nd day of September, 2008, in Spartanburg, South Carolina.

                s/Henry F. Floyd_____
                HENRY F. FLOYD
                UNITED STATES DISTRICT JUDGE