# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF SOUTH CAROLINA

|  |  |
|---|---|
| SUPER DUPER INC. D/B/A SUPER DUPER PUBLICATIONS, | Case No. 6:07-cv-375-HFF |
| Plaintiff, | |
| v. | |
| PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY, TRAVELERS INDEMNITY COMPANY, AND TRAVELERS PROPERTY CASUALTY CO., | **AGREED PROTECTIVE ORDER** |
| Defendants. | |

WHEREAS, Defendants The Travelers Indemnity Company of America and Travelers Property Casualty Company of America, (incorrectly pled as Travelers Indemnity Company and Travelers Property Casualty Company) (collectively, "Travelers"), Defendant Penn National Mutual Casualty Insurance Company ("Penn National"), and Plaintiff Super Duper, Inc., d/b/a Super Duper Publications ("Super Duper") have served each other with discovery requests that seek the disclosure of documents and/or information that the parties assert are proprietary, commercial, private, not publicly known, and/or otherwise confidential; and

WHEREAS, the right of public access is not absolute, and Courts are allowed to enter protective orders restricting the right of public access. *See Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 603 (1978); and

WHEREAS, counsel for the parties have conferred and agreed to the entry of an agreed protective order ("Protective Order") pursuant to Federal Rule of Civil Procedure 26(c), and good cause having been shown;

IT IS HEREBY ORDERED that Travelers, Penn National and Super Duper (collectively, the "Parties") shall be subject to the following conditions of this Protective Order:

1.  This Agreed Protective Order (the "Agreement") shall govern the handling of all documents, testimony and discovery responses, including all copies, excerpts and summaries thereof (collectively "Material"), provided during the course of the Action by the Parties or by non-parties, either voluntarily or as required by discovery requests made pursuant to the Federal Rules of Civil Procedure.

2.  The provisions of this Agreement shall apply to any "person," which, as used herein, shall include (a) the Parties to this Action; and (b) any other person or entity receiving, producing, or disclosing Material in the Action.

3.  All Material shall be used only for the purpose of preparing for and conducting the Action, including any appeals hereof, and shall not be used by the Parties or any other person for

any commercial business, or in any other litigation, arbitration, or administrative proceeding, including any other insurance coverage disputes in which either Party is involved.

4. This Agreement shall not apply to any document, testimony or other information that (a) is already in a receiving Party's possession at the time it is produced, (b) becomes generally available to the public, other than as a result of disclosure in violation of this Agreement or in breach of any other legal obligation, or (c) becomes available to a Party other than through voluntary or required production from a person or party who obtained the document, testimony or other information without any confidentiality restriction.

5. Any person who produces Material (a "Producing Person") may designate as "Confidential" any non-public Material provided that such Producing Person believes in good faith the Material is subject to a confidentiality agreement or protective order, or otherwise constitutes confidential, non-public financial or commercial information, or other confidential or proprietary information ("Confidential Material"). The Material so designated also will render "Confidential" any copies, excerpts, summaries or other documents reflecting or referring to the substance or contents of such Confidential Material, subject to the provisions of paragraph 4 of this Agreement.

6. If Material is inspected at the Producing Person's choice of location, all such Material shall be presumed at such inspection to have been designated as Confidential Material by the Producing Person until such time as the Producing Person provides copies to the Party that requested the Material. Production of Confidential Material for inspection and copying shall not constitute a waiver of confidentiality.

7. Confidential Material shall be subject to the following restrictions:

(a) Confidential Material shall not be given, shown, made available or communicated in any way to anyone except those persons specified in subparagraph (b) below to whom it is necessary that such Confidential Material be given or shown for the purpose permitted under Paragraph 3 above.

(b) Confidential Material may be disclosed, for the purposes set forth in paragraph 3 above, only to a "Qualified Person," defined as follows:

(i) Counsel of Record for the Parties, and attorneys, clerical, paralegal and other staff employed by such counsel who are assisting in the conduct of the Action;

(ii) The Parties, and those officers and employees of the Parties deemed necessary to aid counsel in the conduct of the Action;

(iii) Witnesses (other than Parties and Parties' officers and employees as identified in 7(b)(ii) above) at any deposition or hearing in the Action, so long as the Confidential Material is used solely for the purposes of the Action;

(iv) Such consultants and experts retained by the Parties, or their respective counsel, as they in good faith deem necessary to provide assistance in connection with conduct of the Action;

(v) Any auditor, accountant, reinsurer, reinsurance intermediary or retrocessionaire who, in the normal course of business, would have access to, or to whom a party has a business, legal, or regulatory obligation to provide such information in connection with this Action;

(vi) The Court, court personnel, potential jurors, jurors or alternate jurors as necessary for the conduct of this Action;

(vii) Court reporters and their employees used in connection with conduct of the Action; and

(viii) Any person designated by the Court in the interest of justice to receive such Confidential Material, upon such terms as the Court may deem proper.

(c) Confidential Material shall not be provided to counsel, consultants or expert witnesses employed by the Parties in any other litigation, arbitration or administrative proceeding. If any such counsel, consultant or expert witness in the Action, is employed in any capacity in another litigation, arbitration, or administrative proceeding, regardless of whether it involves the Parties, such counsel, consultant or expert witness shall not use, disclose or otherwise refer to any Confidential Material in any such other litigation or administrative proceeding.

8. Each person described in Paragraph 7(b) above, other than the Parties and the Parties' officers and employees, their respective counsel and judicial personnel, as identified in 7(b)(i), (ii) and (iv) above, to whom Confidential Material is disclosed shall first be provided with a copy of this Agreement and advised that such Confidential Material may not be disclosed other than pursuant to the terms hereof. It shall be the responsibility of counsel providing such access to provide to each person to whom Confidential Material is disclosed a copy of this Agreement. Prior to disclosing Confidential Material to each person described in subparagraph 7(b)(iii), (iv) and (v) above, counsel shall cause each such person to execute a Certificate in the form attached as Exhibit A hereto. Counsel shall be responsible for holding executed certificates.

9. If a Party inadvertently discloses Confidential Material to persons who are not Qualified Persons, such disclosure shall be reported in writing to the Producing Person that designated those Confidential Materials as "Confidential." In that event, counsel for the Party that inadvertently disclosed the Confidential Material shall make all reasonable efforts to retrieve the Confidential Material and any documents containing such Confidential Material, and to obtain the agreement of persons to whom inadvertent disclosure was made to treat the Confidential Material in accordance with the terms of this Agreement.

10. All documents and things that are produced in the Action, whether voluntarily or as required under the Federal Rules of Civil Procedure, if such documents or things contain Confidential Materials, shall bear a stamp stating "Confidential" on each page of any such documents or on a sticker affixed to any such tangible thing. It shall be the responsibility of the Producing Person to cause all Confidential Material to be stamped by the time such Confidential Material is produced.

11. Information or testimony disclosed at a deposition may be designated as Confidential Material by the person providing such testimony, by a Party or by a Producing Person if such person either:

(a) Identifies on the record at the deposition those portions of the testimony that are designated as Confidential Material; or

(b) Provides written notification to all Parties within thirty (30) days of receipt of the transcript of the deposition as to those pages and lines of the transcript that are designated as Confidential Material.

The entire transcript of any deposition shall be treated as Confidential Material until thirty days after the delivery to any Party of a completed transcript of the deposition. Within ten (10) days of a Party's receipt of the completed transcript of a deposition, said Party shall notify all other Parties of receipt.

Each page of any deposition transcript designated as Confidential Material shall be stamped, as set forth in paragraph 10 above, by the court reporter or counsel.

12. All documents, things, testimony and discovery responses stamped as set forth in paragraph 10 that are filed with the Court or in any pleadings, motions or other papers filed with the Court, shall be filed under seal and kept under seal until further order of the Court. Where possible, only those portions of filings with the Court that disclose matters stamped "Confidential" shall be filed under seal.

13. In the event it becomes necessary at a deposition or hearing to show any Confidential Material to a witness, as described in subparagraph 7(b)(iii) above, any testimony related to the Confidential Material shall be stamped as set forth in paragraph 10 of this Agreement.

14. No Party concedes that any Material designated by any other person as Confidential Material does in fact contain or reflect confidential information, or has been properly designated as Confidential Material, and entering into this Agreement shall not prejudice, in any way, the right of a party to seek at any time a determination by the Court of whether any particular document or information should be subject to the terms of this Agreement. At any time, a Party may object to the designation of any Material as Confidential Material by serving a written notice of objection to such designation upon the Producing Person's counsel. Such notice shall identify specifically the material or information as to which the objecting party wishes to have the designation removed and set forth all reasons for such removal. The Producing Person shall, within twenty days after receiving such notice, notify the objecting party in writing whether it agrees to removal of the designation. If the Producing Person does not agree, and good-faith negotiations fail to resolve the dispute, the objecting party may move the Court for an Order of declassification of such specified material. The Producing Person shall have the burden of demonstrating that the designated material constitutes Confidential Material. The designated material in question shall continue to be treated as Confidential Material subject to the terms of this Agreement until the Court acts on the motion, and thereafter if the Court's ruling does not remove designation.

15. Should any non-party seek access to the Confidential Material, by request, subpoena or otherwise, the Party or other recipient of the Confidential Material from whom such access is sought, as applicable, shall promptly notify the Producing Person and shall make reasonable and good faith efforts to cooperate with the Producing Person to maintain the confidentiality of the Confidential Material, unless the receiving party has successfully secured the de-classification of the Confidential Material as set forth in paragraph 14 above.

16. Prior to the use of any Confidential Material at any hearing to be held in open court, counsel who desires to use such Confidential Material shall take reasonable steps to afford counsel for the Producing Person a reasonable opportunity to object to the disclosure in open court of such Confidential Material.

17. This Agreement, insofar as it restricts the communication and use of Confidential Material, shall continue to be binding throughout and after the conclusion of the Action, including any appeals.

18. Within thirty days after the conclusion of the Action, including all appeals, all Confidential Material, copies thereof and documents reflecting such Confidential Material shall be returned to the Producing Person or destroyed, at the discretion of each Party. If the Confidential Material is destroyed, counsel for the applicable Parties shall certify in writing that all such Confidential Material within their possession or control has been destroyed. Notwithstanding the foregoing, counsel for the Parties may retain pleadings, other papers filed with the Court or served in the course of the Action, discovery responses and deposition transcripts.

19. Nothing contained in this Confidentiality Agreement shall be construed as an admission or concession by any Party as to the competency, relevance, materiality and/or admissibility of any documents or information proffered by any Party during any proceeding that takes place in connection with this or any other action.

The undersigned agree to the form and content of this Protective Order.

[Signatures on next page]

|  |  |
|---|---|
|  | s/ John W. Fletcher |
|  | M. Dawes Cooke, Jr. |
|  | John W. Fletcher |
|  | BARNWELL WHALEY PATTERSON & HELMS, LLC |
|  | 885 Island Park Drive |
|  | PO Drawer H |
|  | Charleston, South Carolina 29402 |
|  | (843) 577-7700 |
|  | Fax: (843) 577-7708 |
|  | Email: mdc@barnwell-whaley.com |
|  |  |
|  | s/ Laura A. Brady |
|  | William T. Corbett, Jr. |
|  | Laura A. Brady |
|  | Heather M. Hughes |
| Date: December 21, 2009 | DRINKER BIDDLE & REATH LLP |
|  | 500 Campus Drive |
|  | Florham Park, NJ |
|  | (973) 360-1100 |
|  | Fax: (973) 360-9831 |
|  | Email: william.corbett@dbr.com |
|  |  |
|  | Attorneys for Defendants |
|  | The Travelers Indemnity Company of America and Travelers Property Casualty Company of America (incorrectly pled as Travelers Indemnity Company and Travelers Property Casualty Company) |

Date: December 21, 2009        s/ Timothy A. Domin
                               Timothy A. Domin
                               CLAWSON & STAUBES, LLC
                               126 Seven Farms Drive, Suite 200
                               Charleston, SC  29492-7595
                               (843) 577-2026
                               Fax: (843) 722-2867
                               Email: tdomin@clawsonandstaubes.com

                               Attorneys for Defendant
                               Penn National Mutual Casualty Insurance
                               Company



Date: December 21, 2009        s/ Eugene C. Covington, Jr.
                               Eugene C. Covington, Jr.
                               COVINGTON, PATRICK, HAGINS,
                               STERN & LEWIS
                               P.O. Box 2343
                               Greenville, SC  29602
                               (864) 242-9000
                               Fax: (864) 233-9777
                               Email: gcovington@covpatlaw.com

                               Attorneys for Plaintiff
                               Super Duper, Inc. d/b/a Super Duper Publications




                               SO ORDERED

                               **s/Henry F. Floyd**
                               U.S. District Judge

                               Dated:   December _21___, 2009

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| SUPER DUPER INC. D/B/A SUPER DUPER PUBLICATIONS,<br><br>    Plaintiff,<br><br>v.<br><br>PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY, TRAVELERS INDEMNITY COMPANY, AND TRAVELERS PROPERTY CASUALTY CO.,<br><br>    Defendants. | Case No. 6:07-cv-375-HFF<br><br><br><br><br>**AGREEMENT TO COMPLY WITH AGREED PROTECTIVE ORDER** |

    I, _____, do hereby certify that I have been provided with a copy of the Agreed Protective Order in the above-referenced matter, that I have reviewed said agreement, and that I agree to be bound by the terms and conditions set forth therein. I understand that unauthorized disclosures of Confidential Material, as defined in the Agreed Protective Order, constitute contempt of court, and that breach of this Agreement is directly actionable by any person whose Confidential Material is used or disclosed in violation of this Agreed Protective Order. I also consent to the exercise of personal jurisdiction by the above-referenced court with respect to this Agreement and the Agreed Protective Order.

_____
                  Signature

_____
              Printed Name

Date:_____